June **NORTHUP**

v.

Lloyd Wayne **NORTHUP.**

Supreme Judicial Court of Maine.

Dec. 9, 1976.

**530**

Lipman, Parks & Livingston, P.A., by David M. Lipman, Augusta, for plaintiff.

Strout, Payson, Pellicani & Cloutier by James W. Strong, Rockland, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

PER CURIAM.

Lloyd Wayne Northup was convicted of unlawful homicide punishable as murder after a trial by jury. He was thereupon sentenced to serve a life sentence in the Maine State Prison. He seasonably appealed from such judgment of conviction, and the appeal was denied on April 5, 1974. *State v. Northup*, Me., 318 A.2d 489 (1974).

On October 22, 1974, June Northup filed a complaint, in form for divorce, in the Sixth District Court, Knox Division. In her complaint she described herself as the wife of Lloyd Wayne Northup and alleged that he had been guilty of cruel and abusive treatment. Answer to the complaint was seasonably filed by Lloyd Wayne Northup.

Apparently acting without notice to either June Northup or Lloyd Wayne Northup, the District Court judge dismissed the complaint and assigned as a reason for his dismissal:

> "In accordance with the provisions of Title 19, Section 631, M.R.S.A., the marriage was dissolved by operation of law upon final conviction and sentence for a life term at the Maine State Prison."

Lloyd Wayne Northup appealed to the Superior Court. The parties then filed an agreed statement of facts and an agreement "that this action may be reported to the Law Court upon the Complaint, Answer, Agreed Statement of Facts . . . ."

The Superior Court justice then entered an order finding

> "that this action involves a question of law of sufficient importance and doubt as to justify reporting this action to the Law Court . . . ."

The order then continued:

> "It is Ordered that this action be reported to the Law Court which Court shall, upon the Complaint, Answer, Agreed Statement of Facts hereto attached, and the decision of the District Court Judge hereto attached, render such decision as the rights of the parties require."

We remand the case to the Superior Court so that that court may remand it to the District Court for further action consistent with this opinion.

■ It is obvious the first question we must decide is whether or not appellant Lloyd Wayne Northup has standing to appeal from the District Court to the Superior Court.

We conclude he has such standing.

On the surface, appellant was ostensibly successful in the District Court since appellee's divorce complaint was dismissed. Looking to the "nature and scope" of the District Court order, we conclude appellant

is a person aggrieved by the entry of a final order. *Blaney v. Rittall*, Me., 312 A.2d 522 (1973).

In the District Court appellant had joined issue with June Northup's complaint. He was entitled to have that issue resolved. It was error for the District Court to dismiss the complaint without hearing or without an adjudication of the issue raised by June Northup's complaint and appellant's answer thereto.

The District Court judge correctly cited 19 M.R.S.A. § 631. This statute reads as follows:

"Marriages prohibited in sections 31, 32 and 33, if solemnized in this State, are absolutely void and the entry of a final judgment sentencing either party to imprisonment for life and confinement under it dissolves the bonds of matrimony; without legal process in either case."

Apparently overlooked by the District Court judge was 19 M.R.S.A. § 632.[1] This section has been described as "founded on grounds of prudence and propriety." *Unity v. Belgrade*, 76 Me. 419, 422 (1884).

■ Before dismissing the complaint as he did, the District Court judge should have offered opportunity for June Northup to amend her complaint by adding an additional count *"as for divorce"* seeking a declaration as to the effect of 19 M.R.S.A. § 631. Appellant should then have been offered opportunity to file answer to such amended complaint.

The marriage was in doubt. The appellant was entitled to have that doubt resolved after he had had opportunity to file answer and after hearing. Appellant's

wife had filed a complaint for divorce. Since appellant had filed answer, he was entitled to have opportunity to be heard on such complaint for divorce. Had the wife availed herself of an opportunity to amend her complaint, which opportunity should have been offered, the addition of an additional count would have made such count a complaint "as for divorce," and the parties would thereby be entitled to a declaration pursuant to 19 M.R.S.A. § 632.

If the complaint had been amended the District Court should have "decree[d] it [the marriage] annulled or affirmed according to proof." *Unity v. Belgrade*, supra, at 422. The District Court judge should not have made such declaration sua sponte without giving appellant's wife an opportunity to amend her complaint and appellant an opportunity to answer the complaint and be heard on such amended complaint and answer thereto.

We find it unnecessary to reach the constitutional issues appellant raises.

The case is remanded to the Superior Court with instructions to remand it to the District Court. The District Court shall, upon remand being accomplished, proceed to hearing on the wife's complaint for divorce and the appellant's answer thereto. Before the District Court can properly declare the marriage annulled pursuant to 19 M.R.S.A. § 631, opportunity must be afforded to June Northup to amend her complaint, if she cares to do so, and opportunity given to appellant to file answer to such amended complaint and be heard thereon.

So ordered.

All Justices concurring.

1. "When the validity of a marriage is doubted, either party may file a complaint as for divorce, and the court shall order it annulled or affirmed according to the proof; but no such order affects the rights of the defendant unless he was actually notified of the action or answer to the complaint.

"The right to file such a complaint shall not be denied to any person for failure to meet any residency requirement if such person is a member of the Armed Forces of the United States on active duty stationed in Maine or a dependent or spouse of such a member. Such a member shall be deemed to be a resident either of the county in which the military installation or installations or other place at which he has been stationed is located or of the county in which he has sojourned."